United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 07-20235
Summary Calendar

ADMINISTRATIVE SERVICES OF NORTH AMERICA, INC.,

Plaintiff-Appellant,

versus

THE HARTFORD FIDELITY & BONDING COMPANY;
HARTFORD CASUALTY INSURANCE COMPANY,

Defendant-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-3949)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Administrative Services of North America, Inc. (ASONA) contests the summary judgment awarded Hartford Casualty Insurance Company on ASONA's breach-of-contract, bad-faith, and statutory-delay claims.

ASONA had an employment contract with its President and CEO. Subsequently, ASONA purchased a commercial crime policy from

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Hartford to insure against losses due to "employee dishonesty". The policy required ASONA to notify Hartford of any covered loss as soon as possible, but not later than 60 days after discovery of the loss, and to provide Hartford a detailed, sworn proof of loss within 120 days of discovering the loss; and permitted an action against Hartford no sooner than 90 days after ASONA filed the proof of loss but within two years from the date the loss was discovered.

In early March 1999, ASONA discovered its President and CEO allegedly had misappropriated funds from its bank and trust accounts. On 19 March 1999, ASONA reported this loss to Hartford; the reported amount and nature of the loss, however, remained variable. On 8 February 2002, Hartford formally denied ASONA's claim under its policy.

In Texas state court in August 2003, ASONA filed claims against Hartford for breach of contract, breach of common-law duty of good faith and fair dealing, violations of former Articles 21.21 (statutory bad faith) and 21.55 (statutory delay) of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act (DTPA). After this action was removed to district court, Hartford obtained summary judgment on all of ASONA's claims.

For the breach-of-contract claim, the district court held: because the policy barred an action against Hartford no sooner than 90 days from the time ASONA submitted the proof of loss, and no later than after two years had passed from the time the loss was

2

discovered, the time during which an action could be filed was shorter than two years and thus void pursuant to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 16.070 (Vernon 1997). The four-year limitations period provided by Texas common law, however, also had run, calculated from the contractually-provided time the loss was discovered (March 1999) to the date the action was filed (August 2003). *See id.* § 16.051.

For the bad-faith claims pursuant to common law, the Texas Insurance Code, and the DTPA, the court held: there was no genuine issue of material fact that Hartford denied ASONA's claim while it knew, or should have known, it had no reasonable basis for denying coverage, as required for such claims; and, in any event, ASONA failed to allege sufficient, independent injury resulting from Hartford's alleged deceptive acts, as required for DTPA and Article 21.21 claims.

For the statutory-delay claim, the court held: Hartford could not be found liable for coverage because ASONA was barred from litigating its breach-of-contract claim, and Article 21.55 required liability to be determined as a result of arbitration or litigation.

A summary judgment is reviewed *de novo*, applying the same standard as the district court. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 991-92 (5th Cir. 2005). Such judgment is proper if, viewing the evidence in the light most favorable to the

3

nonmovant, there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. *Id.* at 992; FED. R. CIV. P. 56(c).

Essentially for the reasons stated in the magistrate judge's two detailed and well-reasoned reports and recommendations, adopted by the district court, summary judgment was proper. The policy provided that a claim accrues when the loss is discovered. That its two-year term is void and replaced by four years under Texas law does *not* require that other agreed-upon terms, such as the accrual provision, be replaced. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (providing only that an action "must be brought not later than four years after the day the cause of action accrues"); *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000) ("The primary goal [of courts] is to ascertain and give effect to the parties' intent as expressed in the contract."); *see also Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003) ("Texas courts interpret insurance policies using the rules of interpretation and construction generally applicable to other contracts."). Because the loss was discovered over four years before ASONA filed this action, its breach-of-contract claim is barred, pursuant to the policy's limitations period.

Regarding the bad-faith claims, ASONA has not shown there is a genuine issue of material fact that Hartford breached its duty to

4

attempt in good faith to effectuate a prompt, fair, and equitable settlement by denying ASONA's policy claim while it knew, or should have known, it had no reasonable basis for doing so. *See* **U.S. Fire Ins. Co. v. Williams**, 955 S.W.2d 267, 268 (Tex. 1997); *see also* **Higginbotham v. State Farm Mut. Auto. Ins. Co.**, 103 F.3d 456, 460 (5th Cir. 1997) (noting Texas courts have ruled that DTPA and Article 21.21 claims "require the same predicate for recovery as bad faith causes of action in Texas").

Finally, Article 21.55 "provides for statutory damages for failure to pay an insurance claim within a specified time if an insurer is found liable under a policy, even if the insurer had a reasonable basis for denying coverage". **Performance Autoplex II Ltd.**, 322 F.3d at 861. Because ASONA is barred from litigating its breach-of-contract claim, Hartford cannot be found liable for statutory delay. *See* **id.**

***AFFIRMED***
