02-10-063-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00063-CV

 

 


 
 
 Columbia Lloyds Insurance Company
 
 
  
 
 
 APPELLANT
 AND APPELLEE
 
 
 
 
  
 V.
  
 
 
 
 
 Robert Mao and Vachana Mao
 
 
  
 
 
 APPELLEES
 AND APPELLANTS
 
 


 

 

------------

 

FROM THE 342nd
District Court OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Columbia
Lloyds Insurance Company issued a Texas Dwelling Policy that named Vachana Mao as
insured and covered a rental house that she owned.  After a fire occurred at
the dwelling, Vachana reported the loss to Columbia Lloyds; Columbia Lloyds
denied Vachana’s claim based on a vacancy clause in the policy.  This
litigation ensued, and the trial court granted Columbia Lloyds’s traditional
and no-evidence motion for summary judgment on the Maos’ extracontractual
claims; the trial court also granted the Maos’ motion for partial summary
judgment on their breach of contract claim and awarded them actual damages of
$30,000.  The trial court granted Columbia Lloyds’s summary judgment on the Maos’
claim for attorney’s fees and for violations of the Prompt Payment of Claims
Act (PPCA).

Columbia
Lloyds and the Maos both perfected appeals.  In one issue, Columbia Lloyds contends
that the trial court erred by granting summary judgment for the Maos and by
denying summary judgment for Columbia Lloyds on the Maos’ breach of contract
claim because Columbia Lloyds conclusively established that the dwelling was
vacant, triggering the vacancy exclusion of the policy.  In three points, the
Maos argue that the trial court erred by granting summary judgment for Columbia
Lloyds on the Maos’ claim for attorney’s fees, their claim that Columbia Lloyds
had violated the PPCA, and their extracontractual claims.  For the reasons set
forth below, we will reverse and remand in part and affirm in part.

II.  Factual and Procedural Background

          The
policy issued by Columbia Lloyds covered rental property located at 1109 Bewick
in Fort Worth; a detached garage was also covered by the policy.  The policy
period was from January 19, 2006 to January 19, 2007, and the policy limit was
$30,000 with a $300 deductible.  The policy contained a vacancy clause that
stated, “During the policy term, if an insured building is vacant for 60
consecutive days immediately before a loss, we will not be liable for a loss by
the perils of fire and lightning or vandalism or malicious mischief.  Coverage
may be provided by endorsement to this policy.”

          Judy
Romero, a claims manager for Columbia Lloyds, received a phone call from
Vachana on November 3, 2006, reporting that a fire had damaged the insured
dwelling at 1109 Bewick on October 28, 2006.  Romero noted on the “Property
Loss Notice” form that “[t]he house was vacant per insured[––]tenant moved out
in Feb.”  Romero assigned the claim to Orena Claims Service.

Robert
Orena inspected the dwelling on November 7, 2006, and took photographs; he determined
that there were no contents in the house.  Orena orally explained the vacancy
clause to Vachana.  Orena thereafter told Romero that the house was a total
loss, that the origin of the fire was undetermined, and that the house had been
vacant for more than sixty days.

Romero
made the decision to deny the claim based on the vacancy clause in the policy
and the facts supporting the vacancy (i.e., no contents in the house and no
tenants in the house), and Romero told Orena to write a denial letter.  Orena
sent a letter dated November 10, 2006, to Vachana denying the claim based on
the vacancy clause.

          Following
the letter, the Maos’ attorney sent a letter to Columbia Lloyds disputing the
definition of “vacancy” it had used.  Romero printed out the definitions of
“vacancy” and “unoccupied,” sent them to the Johnston Legal Group to obtain a
legal opinion, and requested an examination under oath from Vachana.

          During
her examination under oath on May 14, 2007, Vachana stated that as of June 8,
2006, all of the prior tenant’s furniture had been moved out, and the insured
dwelling was “completely vacant.”  She said that there was a sofa, an old bed,
a gas range, and a refrigerator in the detached garage[2] but that these appliances were
not “hooked up.”  She explained that the house was in the process of being
remodeled and that although the contractor’s proposal said that he would finish
by July 12, 2006, she did not think that he had finished the work by that date
because he kept coming in and out of the house.

          On
September 20, 2007, Romero sent a second denial letter to the Maos because the
legal opinion that she had received from the Johnston Legal Group following the
examination under oath confirmed that the vacancy clause applied.

The
Maos filed suit against Columbia Lloyds, alleging claims for breach of
contract, breach of the duty of good faith and fair dealing, common law fraud,
violations of the Deceptive Trade Practices Act (DTPA), violations of the insurance
code, and violations of the PPCA.  The Maos also claimed they were entitled to
attorney’s fees for their breach of contract and PPCA violation claims.

Columbia
Lloyds answered, and in due course, the parties filed competing motions for
summary judgment.  The Maos moved for partial summary judgment on their breach
of contract claim, arguing that as a matter of law the insured dwelling was not
vacant at the time of the fire as the term “vacant” is defined by Texas law.  Columbia
Lloyds moved for summary judgment on the Maos’ breach of contract claim, arguing
that as a matter of law the property was vacant for sixty consecutive days
prior to the fire.  The Maos also moved for summary judgment on their
extracontractual claims and on their claim for a violation of the PPCA. 
Eventually, the trial court signed a final judgment granting Columbia Lloyds’s
motion for summary judgment on the Maos’ extracontractual claims and claim for
violations of the PPCA and granting the Maos’ motion for partial summary
judgment on their breach of contract claim; the trial court denied the Maos’
request for attorney’s fees under any theory of recovery. 

III.  Standard of Review

A.      No-Evidence
Summary Judgment Standard of Review

After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant’s claim or
defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence.  Id.; Timpte Indus., Inc. v.
Gish, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) & cmt.;
Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence
that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton, 249 S.W.3d at 426 (citing City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005)).  We credit evidence favorable to the
nonmovant if reasonable jurors could, and we disregard evidence contrary to the
nonmovant unless reasonable jurors could not.  Timpte Indus., Inc., 286
S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582
(Tex. 2006)).  If the nonmovant brings forward more than a scintilla of
probative evidence that raises a genuine issue of material fact, then a
no-evidence summary judgment is not proper.  Smith v. O’Donnell, 288
S.W.3d 417, 424 (Tex. 2009).

B.      Traditional
Summary Judgment Standard of Review

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  Mann
Frankfort, 289 S.W.3d at 848.

We
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor. 
20801, Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008); Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  We consider the evidence
presented in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.  Mann
Frankfort, 289 S.W.3d at 848.  We must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d
566, 568 (Tex. 2006); City of Keller, 168 S.W.3d at 822–24.

The
summary judgment will be affirmed only if the record establishes that the
movant has conclusively proved all essential elements of the movant’s cause of
action or defense as a matter of law.  City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979).  If uncontroverted evidence is from
an interested witness, it does nothing more than raise a fact issue unless it
is clear, positive and direct, otherwise credible and free from contradictions
and inconsistencies, and could have been readily controverted.  Tex. R. Civ. P.
166a(c); Morrison v. Christie, 266 S.W.3d 89, 92 (Tex. App.—Fort Worth
2008, no pet.).

When
competing motions for summary judgment are filed, and one is granted while the
other is denied, we first review the order granting summary judgment.  Hartford
Cas. Ins. Co. v. Morton, 141 S.W.3d 220, 225 (Tex. App.––Tyler 2004, pet.
denied).  If we determine the order granting summary judgment was erroneous, we
then review the trial court’s action in overruling the denied motion.  Id. 
We determine all questions presented and may reverse the trial court’s judgment
and render such judgment as the trial court should have rendered, including
rendering judgment for the other movant.  See Mann
Frankfort, 289 S.W.3d at 848; Jones
v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988).

IV. 
A Genuine Issue of Material Fact Exists

on
the Applicability of the Policy’s Vacancy Clause

 

In a
single issue, Columbia Lloyds argues that the trial court erred when it granted
a traditional summary judgment for the Maos on their breach of contract claim because
the summary judgment evidence fails to conclusively establish that the dwelling
was not vacant and that the trial court erred when it denied Columbia Lloyds’s traditional
motion for summary judgment on the Maos’ breach of contract claim because the summary
judgment evidence conclusively established that the dwelling was vacant for
sixty consecutive days prior to the fire, triggering the vacancy exclusion in
the policy.

As
set forth above, the vacancy clause excluded coverage for fire damage occurring
when the dwelling was vacant for sixty consecutive days before a fire.  The
policy does not define “vacant.”  The term vacant has been defined by case law as
an “entire abandonment, deprived of contents, empty, that is, without contents
of substantial utility.”  See Jerry v. Ky. Cent. Ins. Co., 836 S.W.2d
812, 815 (Tex. App.––Houston [1st Dist.] 1992, writ denied); Knoff v. United
States Fid. & Guar. Co., 447 S.W.2d 497, 501 (Tex. Civ. App.––Houston
[1st Dist.] 1969, no writ).

The summary
judgment evidence on the vacancy issue included the Maos’ Request For Admission
No. 11 asking Columbia Lloyds to admit “[t]hat the fire on our [sic] about
October 28, 2006 caused damage to the dwelling and contents in the dwelling at
the property.”  Columbia Lloyds answered, “Denied.  Answering further: 
Defendant admits that the fire caused damage to the dwelling but because there
were no contents in the house, no contents were destroyed.” Deposition excerpts
from Romero’s deposition indicate that the adjuster’s photos documented that nothing
was in the actual dwelling, although a few items were in the detached garage.  Romero
also stated that she did not have any information that the Maos had abandoned
the property; she knew that they were remodeling the home and that they were
trying to sell it.

Vachana
stated in her May 2007 examination under oath that as of the date of the fire,
all of the prior tenant’s furniture had been moved out, and the insured dwelling
was “completely vacant.”  She said that there was a sofa, an old bed, a gas
range, and a refrigerator in the detached garage; that the appliances were not
“hooked up”; and that the garage had no heating or air-conditioning and was not
designed to be lived in.  Vachana explained that although the remodeler’s
proposal said that he would finish by July 12, 2006, she did not think that he
had finished the work by that date because he kept coming in and out of the
house.

The
remodeler, Valentin Leos, said that he started the remodel on July 12, 2006,
and that he finished the job “a month or month and seven days” before Vachana
called and told him that the house had burned.  Leos recalled that there was a
refrigerator and a stove in the home, and he thought that there was a washer
and dryer, but he was not sure if there was a dishwasher.

In
her March 2009 summary judgment affidavit, Vachana averred that the home was in
the process of being renovated until September 2006 but that it was not
complete at the time of the fire because Leos still needed to put in new
windows.  She said that the utilities were connected because she showed the
home to potential buyers approximately twice a week, that she had been to the
home the week before the fire, and that she went to the home at least once a
week.  Vachana averred that there was a refrigerator, a washer, a dryer, and a
dishwasher in the house and that there was a sofa, a heater, a bed, a
refrigerator, and a range in the garage. 

Generally,
when contradictory summary judgment evidence exists on whether a dwelling was
vacant within the meaning of the policy’s vacancy clause, it is a question for
the jury.  Germania Farm Mut. Aid Ass’n v. Anderson, 463 S.W.2d 24, 25
(Tex. Civ. App.––Waco 1971, no writ) (refusing to hold vacancy was established
as a matter of law); accord Lundquist v. Allstate Ins. Co., 732 N.E.2d
627, 631 (Ill. App. Ct. 2000) (“[W]hether the subject dwelling was vacant or
unoccupied at the time of the loss is a question of fact.”); Cavin v.
Charter Oak Fire Ins. Co., 384 N.E.2d 441, 443 (Ill. App. Ct. 1978)
(holding fact issues existed regarding whether insured’s building was vacant
and reversing summary judgment for the insurer where evidence showed that, at
the time of loss, no tenants remained in the property, the property was
furnished, the property was being renovated, and the insured was storing
building materials in the dwelling); 6 Lee R. Russ & Thomas F. Segala,
Couch on Insurance § 94:108 (3d ed. 1996) (“Whether or not insured premises
have become vacant, unoccupied, or the like within the meaning of a forfeiture
provision in an insurance policy is usually a question for the jury.”).

Viewing
all of the summary judgment evidence in the light most favorable to Columbia
Lloyds, the nonmovant on the Maos’ traditional motion for summary judgment on
their breach of contact claim that was granted, a genuine issue of material
fact exists concerning whether the dwelling was not vacant for more than sixty
consecutive days prior to the fire.  That is, viewing the summary judgment
evidence in this light, reasonable and fair-minded people could differ in their
conclusions on whether the dwelling was not vacant for sixty consecutive days
prior to the fire.  See Wal-Mart Stores, Inc., 186 S.W.3d at 568.  Based
on the fact that no one lived in the dwelling; based on Orena’s photos of the
dwelling after the fire; based on the remodeler’s proposal indicating repairs
would be complete by July 12, 2006; and based on Vachana’s statement to Romero
when she reported the fire that the dwelling was vacant, a reasonable and
fair-minded person could conclude that the dwelling was abandoned, deprived of
contents, and empty, that is, without contents of substantial utility for more
than sixty days prior to the October 28, 2006 fire.  Thus, the trial court
erred by granting a traditional summary judgment for the Maos on their breach
of contract claim.

We
next address whether, viewing all of the summary evidence in the light most
favorable to the Maos––the nonmovants on Columbia Lloyds’s traditional motion for
summary judgment on the Maos’ breach of contract claim––the evidence
conclusively establishes that the dwelling was vacant for more than sixty
consecutive days prior to the fire.  Viewing the summary judgment evidence in
this light, reasonable and fair-minded people could differ in their conclusions
on whether the dwelling was vacant for sixty consecutive days prior to the
fire.  Based on Vachana’s testimony that the dwelling was being remodeled,
based on the remodeler’s testimony that he did not think he had completed the
remodeling more than forty-five days prior to the fire, and based on Vachana’s
testimony that she was trying to sell the dwelling and was showing it weekly to
potential buyers, a reasonable and fair-minded person could conclude that the
dwelling was not abandoned, deprived of contents, and empty, that is, without
contents of substantial utility for more than sixty days prior to the October
28, 2006 fire.  See Spates v. Republic Ins. Co., 756 S.W.2d 88,
91 (Tex. App.––San Antonio 1988, no writ) (holding fact question concerning
date homeowners vacated the insured house precluded summary judgment for
insurer based on vacancy clause).[3]  Thus, the trial court
did not err by denying Columbia Lloyds’s traditional motion for summary
judgment on the Maos’ breach of contract claim.

Because––viewing
the summary judgment evidence in the light most favorable to Columbia Lloyds––a
genuine issue of material fact exists on whether the dwelling was not vacant
for sixty consecutive days prior to the fire, we sustain Columbia Lloyds’s sole
issue to the extent it seeks reversal of the summary judgment on the Maos’
breach of contract claim.  Because––viewing the summary judgment evidence in
the light most favorable to the Maos––a genuine issue of material fact exists
on whether the dwelling was vacant for sixty consecutive days prior to the
fire, we overrule Columbia Lloyds’s sole issue to the extent it seeks reversal
of the trial court’s denial of its traditional motion for summary judgment on the
Maos’ breach of contract claim.  We will remand the Maos’ breach of contract
claim to the trial court.

V.  No Reversal of Summary Judgment

on
The Maos’ Extracontractual Claims

 

Columbia
Lloyds filed a combined no-evidence and traditional motion for summary judgment
addressing each of the Maos’ extracontractual claims.  The no-evidence portion
of Columbia Lloyds’s motion for summary judgment specifically sets forth the
elements of each of the Maos’ extracontractual claims:  the breach of the duty
of good faith and fair dealing claim, the DTPA and insurance code violation claims,
and the common law fraud claim.  Concerning the breach of the duty of good
faith and fair dealing claim, Columbia Lloyds asserted that no evidence existed
that Columbia Lloyds knew that its liability had become reasonably clear or
that Columbia Lloyds had no reasonable basis to deny the Maos’ claim.  Concerning
the DTPA and insurance code violation claims, Columbia Lloyds asserted that no
evidence existed that it had “engaged in any unfair or deceptive act or
practice in violation of Chapter 541, Subchapter B, of the Texas Insurance Code
or § 17.46(b) of the Texas Business and Commerce Code.”  Concerning the common
law fraud claim, Columbia Lloyds asserted that no evidence existed that it made
a false representation to the Maos with the intent that the Maos rely on it.

In
their third point, the Maos argue that the trial court erred when it granted
summary judgment for Columbia Lloyds on the extracontractual claims.  The Maos’
brief challenges the trial court’s summary judgment on their breach of the duty
of good faith and fair dealing claim, arguing that summary judgment evidence
exists that Columbia Lloyds did not conduct a reasonable investigation.  The
Maos do not, however, separately address their alleged DTPA and insurance code
violation claims or their common law fraud claim.[4]

On
appeal, an appellant must attack every ground upon which summary judgment could
have been granted to obtain a reversal.  Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970).  A broad issue challenging the propriety of a
summary judgment is sufficient to place all grounds for summary judgment before
the appellate court, but does not relieve the appellant of the burden to
challenge in his brief each of the grounds on which for the summary judgment could
have been granted and to present argument and authorities for each possible basis
for summary judgment.  See, e.g., Cruikshank v. Consumer Direct Mortg., Inc.,
138 S.W.3d 497, 502–03 (Tex. App.––Houston [14th Dist.] 2004, pet. denied); Pena
v. State Farm Lloyds, 980 S.W.2d 949, 958 (Tex. App.—Corpus Christi 1998,
no pet.).

 Here,
the Maos raise a general point on appeal that the trial court erred by granting
summary judgment for Columbia Lloyds on all of its extracontractual claims, but––with
the exception of their claim for breach of the duty of good faith and fair
dealing––the Maos’ brief does not address each extracontractual claim
separately nor point to specific summary judgment evidence constituting more
than a scintilla of evidence on the specific element of each extracontractual
claim challenged by Columbia Lloyds in the no-evidence portion of its motion
for summary judgment.  See Worldwide Asset Purchasing L.L.C. v.
Rent-A-Center East, Inc., 290 S.W.3d 554, 569 (Tex. App––Dallas 2009, no
pet.).  Accordingly, because on appeal the Maos do not challenge the specific no-evidence
grounds on which the trial court could have granted summary judgment for
Columbia Lloyds on the Maos’ DTPA and insurance code violation claims and
common law fraud claim, we are required to affirm the summary judgments on
those claims.  See, e.g., Rangel v. Progressive County Mut. Ins. Co., No.
08-09-00138-CV, 2010 WL 3312624, at *4 (Tex. App.––El Paso Aug. 24, 2010, pet.
denied); Juarez v. Longoria, 303 S.W.3d 329, 330 (Tex. App.––El Paso
2009, no pet.).

We
next address the Maos’ challenge to the trial court’s summary judgment for
Columbia Lloyds on the Maos’ breach of the duty of good faith and fair dealing
claim.  As previously mentioned, the Maos argue on appeal that more than a
scintilla of summary judgment evidence exists on this claim because reasonable
and fair-minded people could differ in their conclusions on whether Columbia
Lloyds performed a reasonable investigation.  The Maos argue that Columbia
Lloyds’s conduct after its initial denial letter was “pretextual” to
retroactively support its unreasonable investigation and denial.

An
insurer breaches its duty of good faith and fair dealing by denying or delaying
a claim when the insurer’s liability has become reasonably clear.  State
Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 44 (Tex. 1998) (citing 
Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 (Tex. 1997)).  The
focus is not on whether an insured’s claim was valid, but on the reasonableness
of the insurer’s conduct in rejecting the claim.  See Lyons v. Millers Cas.
Ins. Co., 866 S.W.2d 597, 601 (Tex. 1993).  Evidence of coverage, standing
alone, will not constitute evidence of bad faith denial.  Provident Am. Ins.
Co. v. Castaneda, 988 S.W.2d 189, 194 (Tex. 1998).  Evidence showing only a
bona fide coverage dispute does not rise to the level of bad faith.  Nat’l
Union Fire Ins. Co. of Pittsburgh, Pa. v. Dominguez, 873 S.W.2d 373, 376
(Tex. 1994).  Nor is bad faith established when a trier of fact, using
hindsight, decides the insurer was simply wrong about the proper construction
of the terms of the policy.  See Lyons, 866 S.W.2d at 601.  As
long as an insurer has a reasonable basis to deny payment of a claim, even if
that basis is eventually determined to be erroneous, the insurer is not liable
for the tort of bad faith.  Id. at 600.  But insurers do have a duty to
conduct a reasonable investigation of a claim and cannot insulate themselves
from bad faith liability by investigating a claim in a manner calculated to
construct a pretextual basis for denial.  Simmons, 963 S.W.2d at 44.  To
withstand a no-evidence motion for summary judgment, a plaintiff in a bad faith
case must present evidence that the insurer failed to attempt a prompt, fair
settlement when the insurer’s liability has become reasonably clear.  See
Giles, 950 S.W.2d at 55.

The
Maos argue that remodeling was taking place in the dwelling prior to the fire
and that had Romero performed a reasonable investigation, she would have
discovered evidence that Leos was working on the home during the sixty days
prior to the fire.  The Maos argue that “Columbia Lloyds conducted little or no
investigation prior to the November 10, 2006 denial.”  And finally, the Maos argue
that the action taken by Columbia Lloyds after its November 10, 2006 initial denial
letter was “clearly done as a pretext to back-up Columbia Lloyd[s]’s denial,
including Ms. Romero’s computer research and the EUO taken of the Maos.”

To
the extent that the Maos implicitly argue that Romero should have investigated
the case herself, case law has held that an insurer can use information
gathered by another party to fulfill its duty to conduct an investigation.  See
Pioneer Chlor Alkali Co. v. Royal Indem. Co., 879 S.W.2d 920, 941 (Tex.
App.––Houston [14th Dist.] 1994, no writ) (holding that insurer conducted
reasonable investigation by utilizing information gathered by its insured and
therefore did not breach its duty of good faith and fair dealing).  To the
extent that the Maos argue that Romero’s investigation was insufficient,
inadequate, or pretextual, the summary judgment evidence establishes that she relied
on the adjuster’s photos and report, which revealed that there was nothing in
the actual dwelling, as well as Vachana’s representation that the dwelling was
vacant when she reported the claim.  Viewing the summary judgment evidence in
the light most favorable to the Maos, no summary judgment evidence exists that Orena’s
report was not objectively prepared.  See State Farm Lloyds v. Nicolau,
951 S.W.2d 444, 448–50 (Tex. 1997) (recognizing evidence casting doubt on
reliability of expert’s report may support bad faith).  No summary judgment evidence
exists that it was unreasonable for Romero to rely on Orena’s investigation and
report.  Cf. Lyons, 866 S.W.2d at 601 (recognizing insurer’s
reliance on report will not automatically shield insurer from bad faith finding
when evidence exists that report was not objectively prepared or insurer’s
reliance on report was unreasonable).  No summary judgment evidence exists that
Vachana did not tell Romero when she reported the fire that the dwelling was
vacant.  No summary judgment evidence exists that Columbia Lloyds conducted no
investigation.  No summary judgment evidence exists that Columbia Lloyds
ignored certain information it possessed at the time of the denials or that the
information it possessed was unreliable.  See Castaneda, 988 S.W.2d at
197–98 (recognizing no evidence existed of pretextual denial of claim because
no evidence existed that insurer ignored information that would lead a
reasonable person to conclude that liability under the policy was reasonably
clear or that there was no reasonable basis to deny the claim); Simmons,
963 S.W.2d at 47 (recognizing insurer repeatedly ignored evidence that its
insureds did not burn down their home, resulting in outcome-oriented
investigation); see also Spicewood Summit Office Condos. Ass’n, Inc. v. Am.
First Lloyd’s Ins. Co., 287 S.W.3d 461, 470 (Tex. App.—Austin 2009, pet.
denied) (recognizing insurer was entitled to summary judgment on insured’s DTPA
and insurance code claims and on breach of duty of good faith and fair dealing claim
when no evidence existed that inspector’s reports were not objectively prepared
or that insurer’s reliance on reports was unreasonable); USAA v. Croft,
175 S.W.3d 457, 471 (Tex. App.––Dallas 2005, no pet.) (recognizing legally
insufficient evidence existed to support bad faith finding when insurer relied
upon engineer’s report and no evidence existed that report was not objectively
prepared or that insurer’s reliance on report was unreasonable).

Viewing
all of the summary judgment evidence in the light most favorable to the Maos, no
summary judgment evidence exists that Columbia Lloyds denied the Maos’ claim
when its liability had become reasonably clear or that Columbia Lloyds had no
reasonable basis for denying the Maos’ claim.  The trial court did not err by
granting Columbia Lloyds’s no-evidence motion for summary judgment on the Maos’
breach of the duty of good faith and fair dealing claim.

We
overrule the Maos’ third point.

VI.  PPCA Claims Must Be Remanded

In
their first point, the Maos argue that the trial court erred by granting
summary judgment for Columbia Lloyds on their claim for Columbia Lloyds’s
violation of the PPCA.  Because, as set forth above, we must remand the Maos’ breach
of contract claim to the trial court, we also reverse the trial court’s grant
of summary judgment to Columbia Lloyds on the Maos’ PPCA claim and remand that
claim to the trial court.  See Spicewood Summit Office Condos. Ass’n,
287 S.W.3d at 471 (remanding insured’s PPCA claim because insured’s breach of
contract claim was reversed and remanded); Cater v. USAA, 27 S.W.3d 81,
84 (Tex. App.––San Antonio 2000, pet. denied) (holding that an insurance
company’s good faith defense does not relieve the insurer from liability for damages
for late payment, as long as the insurer is finally found liable for the claim);
see also State Farm Lloyds v. Page, 315 S.W.3d 525, 531 (Tex. 2010)
(recognizing that liability under the PPCA is premised on a finding of policy
coverage); Higginbotham v. State Farm Mut. Auto. Ins. Co., 103 F.3d 456,
461 (5th Cir. 1997) (interpreting article 21.55 and its predecessor to conclude
that an insurer’s good faith defense did not relieve the insurer of liability
for damages for late payment, as long as the insurer is ultimately found liable
for the claim).  We sustain the Maos’ first point.

VII.  Request for Attorney’s Fees Must Be Remanded

          In
their second point, the Maos argue that the trial court erred when it
determined that they were not entitled to attorney’s fees.  Because the Maos
requested attorney’s fees based on their claims for breach of contract and for
violations of the PPCA and because we are reversing and remanding those claims,
we also remand the issue of attorney’s fees to the trial court for further
consideration.  See Spicewood Summit Office Condos. Ass’n, 287 S.W.3d at
471 (reversing and remanding the insured’s attorney’s fees in addition to its
PPCA and breach of contract claims).

VIII.  Conclusion

          Having
disposed of all issues and points presented in both appeals, we reverse the
trial court’s judgment with respect to the Maos’ claims for breach of contract,
penalties under the PPCA, and attorney’s fees and remand for further
proceedings consistent with this opinion; we affirm the trial court’s judgment
with respect to the Maos’ extracontractual claims.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MEIER, and GABRIEL, JJ.

 

DELIVERED:  March 24, 2011









[1]See Tex. R. App. P. 47.4.





[2]Vachana said that the
“garage not burned down, just a little bit.”





[3]See also Walch
v. USAA, No. 02-01-00146-CV, 2002 WL 31628179, at *8 (Tex. App.––Fort Worth
Nov. 21, 2002) (holding genuine issue of material fact existed concerning
applicability of vacancy clause when unoccupied rental house was being
renovated, contained appliances and building materials, utilities were on, and
owner checked on house a couple times a week), op. withdrawn on denial of
reh’g, 2003 WL 302220 (Tex. App.––Fort Worth Feb. 13, 2003, no pet.). 
Although the Walch opinion has been withdrawn and thus has no
precedential value, we include it here because the Maos discuss it and attached
a copy of the opinion to their brief.  See Pearson v. K-Mart Corp., 755
S.W.2d 217, 219 (Tex. App.––Houston [1st Dist.] 1988, no writ) (discussing
withdrawn supreme court opinion because both parties had referred to it in
their briefs).





[4]The Maos’ brief does not
mention their fraud claim at all; their brief’s only mention of their DTPA and
insurance code claims is the following sentence, “The crux of Plaintiff’s extra-contractual
claims (breach of duty of good faith and fair dealing, Insurance Code/DTPA) go
to whether or not Defendant conducted a reasonable investigation of the
claim.”