**David and Terri MANGINE, Appellants,**

v.

**STATE FARM LLOYDS, Appellee.**

**No. 05–01–00354–CV.**

Court of Appeals of Texas, Dallas.

March 28, 2002.

Rehearing Overruled May 14, 2002.

Mark A. Ticer, Claire Collins Schwarz, Law Office of Mark A. Ticer, Dallas, for Appellants.

Armando De Diego, Law Office of Armando De Diego, Dallas, for Appellee.

Before Justices KINKEADE, MORRIS, and BRIDGES.

## OPINION

MORRIS, Justice.

In this appeal from a summary judgment, David and Terri Mangine contend the trial court erred in holding their homeowner's insurance policy claims were barred by the statute of limitations. The Mangines challenge the admissibility of State Farm Lloyds's summary judgment evidence as well as whether State Farm met its burden to show that this suit was not filed within two years after the Mangines' causes of action accrued. We conclude State Farm presented competent summary judgment evidence to show the Mangines failed to file suit within the limitations period. We affirm the trial court's judgment.

### I.

David and Terri Mangine purchased a homeowner's insurance policy from State Farm Lloyds in 1992. In December 1993, the Mangines made a claim under their policy for alleged hail damage to their roof and water damage to a bathroom ceiling. An employee of State Farm inspected the house and found minor damage in the bathroom, but no hail damage to the roof. State Farm sent the Mangines a check for $50 representing the estimated cost to repair the bathroom minus the policy's deductible amount.

The Mangines disputed the finding of no damage to their roof and asked State Farm to examine the roof again along with their own roofing inspector. On January 15, 1994, a State Farm claim adjuster examined the roof with an inspector hired by the Mangines. The claim adjuster concurred with the earlier evaluation that there was no hail damage to the roof. The

adjuster provided the Mangines with a "Building Estimate" form that stated as follows:

> After inspecting your roof with your inspector … I found no evidence of hail damage. Should you have any further questions concerning your claim, please call me.

Over one year later, on April 10, 1995, the Mangines again made a claim under their homeowner's policy for hail damage to the roof and a leak in the bathroom. State Farm opened a new claim file on the matter and sent another claim adjuster to inspect the property. The claim adjuster again found minor damage to the bathroom but no evidence of damage to the roof other than normal wear and tear. The adjuster sent the Mangines a letter on April 13 stating his findings and reiterating the policy's exclusion from coverage for damage caused by wear and tear and deterioration. Enclosed with the letter was an estimate showing that the cost of repairs to the bathroom did not exceed the policy's deductible amount.

The Mangines filed this suit on June 27, 1996, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. State Farm moved for summary judgment on all of the Mangines' causes of action to the extent they were based on the Mangines' claim under the policy made in December 1993. According to State Farm, this insurance claim was denied, and the Mangines' causes of action accrued no later than January 1994 when the Mangines received the "Building Estimate" stating there was no evidence of hail damage. Because the Mangines did not file suit until June 1996, State Farm argued the case was not brought within the statutory and contractually mandated two-year limitations period. State Farm also moved for summary judgment on the Man-

gines' claims for extra-contractual damages and mental anguish with respect to both the 1993 and the 1995 insurance claims.

The Mangines responded that the insurance claim they made in 1995 was a continuation of the claim they made in 1993 and, therefore, their claim for the 1993 hail damage was not finally denied until April 13, 1995. The Mangines further argued there was at least a fact question about their entitlement to recover for mental anguish and extra-contractual damages. Finally, the Mangines objected to State Farm's summary judgment evidence, arguing the affidavits filed by the company were conclusory and failed to show the competence of the affiant to testify about roofing matters.

The trial court granted in part State Farm's motion for summary judgment, holding that the Mangines' contractual and extra-contractual causes of action based on the 1993 insurance claim were barred by limitations. The trial court denied the remainder of State Farm's motion as well as the Mangines' objections to State Farm's summary judgment evidence. To finalize the judgment, the Mangines filed a notice of nonsuit, and the trial court dismissed without prejudice the remainder of their claims against State Farm. They then brought this appeal.

## II.

■ In the first of three issues they raise on appeal, the Mangines argue the trial court improperly considered the affidavits of two State Farm employees in support of State Farm's motion for summary judgment. One of the affidavits was signed by Brent Gough, a licensed claim adjuster and claim representative for State Farm who performed the second inspection of the Mangines' roof in January 1994. In his affidavit, Gough testified about his

inspection of the roof with the Mangines' inspector, Don Stafford. Gough stated he inspected the roof with Stafford, found no evidence of hail damage, and provided the Mangines with a building estimate stating he found no hail damage. Gough also stated he explained the results of his inspection to the Mangines. The estimate is attached as an exhibit to Gough's affidavit.

The other affidavit about which the Mangines complain was made by Chris Jessen, the State Farm claim adjuster who inspected the Mangines' roof and bathroom in 1995. Jessen testified he examined the house on April 11, 1995 and found no signs of hail damage to the roof. He stated he spoke with the Mangines on April 13 and told them his findings, which were also set forth in a letter to them dated the same day. The letter referred to an exclusion in the Mangines' homeowner's policy for losses caused by wear and tear or deterioration. Jessen's letter also enclosed a building estimate that repeated the finding of no hail damage to the roof and showed that the cost to repair the bathroom was less than the policy's deductible amount.

The Mangines contend these two affidavits are incompetent as summary judgment evidence because they are conclusory and do not demonstrate the affiants' competence to testify about roofing matters. The focus of the Mangines' argument is that the affidavits were inadmissible to show their roof did not have hail damage. The flaw in the Mangines' argument is that the existence of hail damage is irrelevant to State Farm's summary judgment.

■ The trial court granted State Farm a summary judgment on the basis of limitations. The limitations period on a first-party insurance claim begins to run at the time the insurer denies the claim under the policy. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex.1990).

Here, both affidavits were used to prove the accrual date of the Mangines' causes of action. *See Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex.App.-Houston [1st Dist.] 1992, no writ).

Gough and Jessen both testified they inspected the Mangines' roof and personally informed the Mangines of their findings. Gough's and Jessen's affidavits also authenticated documents written by them showing when the Mangines were given written confirmation of State Farm's determinations that there was no hail damage to the roof. Both affidavits affirmatively demonstrate the affiants' personal knowledge of these matters. Whether there was actually hail damage to the roof has no bearing on when State Farm denied the Mangines' claims for hail damage. Accordingly, the Mangines' first argument is not well taken.

■ The Mangines next contend the "Building Estimate" they received from Gough in January 1994 did not constitute a denial of their 1993 claim. Because they do not believe the estimate was a denial, they argue their limitations period did not begin to run when they received it. Although the Mangines occasionally argue in terms of when they "knew" their claim had been denied, they did not plead the discovery rule. *See L.C. v. A.D.*, 971 S.W.2d 512, 514 (Tex.App.-Dallas 1997, pet. denied) (to avail itself of discovery rule, party must plead it). Our analysis, therefore, addresses only whether the January 1994 "Building Estimate" denied the Mangines' claim as a matter of law.

When an insurer rejects a claim, it must notify the insured in writing and state the reasons for the rejection. TEX. INS.CODE ANN. art. 21.55 (Vernon Supp. Pamph. 2002). Although the rejection must be in writing, there are no magic words that must be used to deny a claim. In this

case, the written building estimate Gough provided the Mangines in January 1994 clearly sets forth State Farm's position that there was no hail damage to the Mangines' roof. There is nothing tentative or conditional about the statements made in the estimate. *Cf. Trinity Universal Ins. Co. v. Howeth*, 419 S.W.2d 704, 706 (Tex. Civ.App.-Texarkana 1967, no writ) (insurer cannot rely on statute of limitations where denial was tentative and claim was still being negotiated). Although the estimate did not use the word "denial," it conveyed in writing State Farm's determination with respect to the Mangines' claim for hail damage and the reasons for it. We conclude the 1994 building estimate was an effective denial of the Mangines' claim as a matter of law. *See* TEX. INS.CODE ANN. art. 21.55 (Vernon Supp. Pamph.2002). The Mangines' second argument is without merit.

█ Finally, the Mangines contend their 1995 insurance claim was a continuation of their 1993 claim and, therefore, the limitations period "began anew" with the denial of the 1995 claim. The Mangines rely on *Pena v. State Farm Lloyds*, 980 S.W.2d 949 (Tex.App.-Corpus Christi 1998, no pet.), and *Stevens v. State Farm Fire & Casualty Co.*, 929 S.W.2d 665 (Tex.App.-Texarkana 1996, writ denied), to support their argument. In *Pena* and *Stevens*, the courts held that, under certain circumstances, an insured's timely request for additional money in connection with an earlier claim or an ongoing problem can extend the accrual date of the insured's cause of action for wrongful denial. *See Pena*, 980 S.W.2d at 954; *Stevens*, 929 S.W.2d at 671. None of those circumstances are presented here.

The insured in *Pena* made a claim under his insurance for damages related to slab foundation movement in his home. This claim was expressly denied. The insured later made another claim for foundation problems, and this second claim resulted in a partial payment by the insurance company. The insurance company conceded the two claims were the same, both arising out of the continuing problem of foundation movement. The court concluded that because the slab foundation problems were essentially ongoing, the insurance company's subsequent reinvestigation and partial payment for the same reported problems showed that the denial of the first claim was "effectively reconsidered and withdrawn, thus resetting the starting date for limitations." *Pena*, 980 S.W.2d at 954.

In this case, the alleged hail damage to the Mangines' roof was not an ongoing or continuing problem. There was either hail damage to the roof at the time the claims were made or there was not. State Farm never conceded that the Mangines' two claims were related. Indeed, State Farm steadfastly maintained that it investigated the 1993 claim and the 1995 claim as two separate incidents, each arising out of a different alleged event of hail. The Mangines' petition stated their roof suffered damage "sometime during the period of 1992 through 1995." Thus, the Mangines concede the possibility that their 1995 claim was based on hail damage occurring after the 1993 claim was denied. State Farm's processing of the 1995 claim never suggested it was either reconsidering or withdrawing its earlier denial of the 1993 claim. The Mangines cannot rely on *Pena* to extend the accrual date of their causes of action based on the 1993 claim denial.

In *Stevens*, the insured filed several claims and proofs of loss associated with a fire at his house. The court concluded the summary judgment evidence did not establish that the insured's claim was conclusively denied outside the limitations period. *Stevens*, 929 S.W.2d at 671. Here, State Farm established the Mangines'

claim was expressly denied more than two years before they filed suit.

We resolve against the Mangines the three issues presented in this appeal. State Farm's evidence shows its entitlement to summary judgment based on the statute of limitations. Accordingly, we affirm the trial court's judgment.