United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40442
Summary Calendar

_____

RODRIGO MARTINEZ, SR; DORA MARTINEZ,

Plaintiffs-Appellants,

versus

STATE FARM LLOYDS; STATE FARM LLOYDS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CV-271

_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants Rodrigo and Dora Martinez filed suit in state court against their

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insurer, State Farm Lloyd's ("State Farm"), and its attorney-in-fact, State Farm Lloyd's, Inc. ("Lloyds, Inc.") alleging breach of contract, violations of the Texas Insurance Code, and a breach of the duty of good faith and fair dealing, all arising out of State Farm's actions on Appellants' insurance claims. State Farm removed the case to federal court, where the district court dismissed Lloyd's, Inc., and granted summary judgment to State Farm. We review both holdings *de novo*, and affirm.

First, Appellants argue that the district court should not have dismissed Lloyd's, Inc. from the suit, because Lloyd's, Inc., in a services agreement with State Farm Fire & Casualty[1], reserved the power to make final decisions concerning claims adjustment and thus could be held liable for that entity's actions.

State Farm sells insurance under a so-called "Lloyd's plan," which consists of a group of underwriters who combine to issue insurance through an attorney in fact—in this case, Lloyd's, Inc. *See* TEX. INS. CODE ANN. § 941.001 (Vernon Supp. 2006). "The attorney in fact is 'in effect the chief executive and managing agent of the enterprise. . . .'" *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (quoting *Grace v. Rahlfs*, 508 S.W.2d 158, 161 (Tex. Civ.

---

[1] Pursuant to the services agreement, State Farm Fire & Casualty handles, investigates, and pays or denies insurance claims made on State Farm policies. R. 124.

2

App.—El Paso 1974, writ ref'd n.r.e.)).  The attorney-in-fact does not bear risks, and has no contractual relationship with the insured, but acts as an agent for the Lloyd's group.  *See id.*

Under Texas law, agents are generally not liable for contracts entered into on behalf of a principal, or for any actions that are within the scope of their authority. *French v. State Farm Ins. Co*, 156 F.R.D. 159, 162 (S.D. Tex 1994). Consequently, unless Lloyd's, Inc. was acting outside of the scope of its authority with respect to Appellants' claims, Lloyd's Inc. is not individually liable.  *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94–95 (S.D. Tex. 1993).  Appellants have included no claims of specific wrongdoing on the part of Lloyd's Inc., nor any claims that might suggest it acted outside of the scope of its authority.  Any actions that Lloyd's Inc. took were on behalf of the principal, State Farm.  Therefore, the district court properly dismissed Lloyd's, Inc.

Second, Appellants argue that because State Farm discussed the possibility of mediating the claims, the statute of limitations did not begin to run until January 2005.  However,  State Farm had communicated a final determination on all the Martinezes' claims by February 8, 2002, when State Farm sent the last of a series of letters to Appellants describing its decisions.  There is no evidence that State Farm was attempting to string the insureds along "without denying or paying a claim..."

3

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 n.2 (Tex. 1990). Thus, the Martinezes' cause of action began to accrue, at the latest, upon the issuance of the February 8, 2002 letter. *See Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 470–71 (Tex. App.—Dallas 2002, pet. denied) (holding issuance of "building estimate" constituted a denial of claim and triggered the running of the limitations period).

In order to bring suit under Texas law, a plaintiff must both file an action and serve defendants with process. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). Appellants filed their claim within the statute of limitations, in 2003, but failed to demonstrate due diligence in serving process. The two-year statute of limitations had run by the time that Appellants finally managed to serve State Farm on August 1, 2005. Therefore, the district court was correct to grant summary judgment to State Farm.

AFFIRMED.