United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

———————————

No. 06-40427

(Summary Calendar)

———————————

IRMA TREVINO; IMELDA POMPA,

Plaintiffs-Appellants,

versus

STATE FARM LLOYDS; STATE FARM LLOYDS INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 7:05-CV-272

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:*

    This case involves a dispute between homeowners and their homeowners insurance company.

———————————

    * Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

The homeowners are Irma Trevino and Imelda Pompa,[1] and they are suing State Farm Lloyds ("State Farm") and State Farm Lloyds, Inc. ("Lloyds, Inc."). In April of 2001, Trevino and her father, Hinojosa, submitted a claim to State Farm for mold and water damage as a result of a leak in the shower pan of their master bed room. Other claims followed. Dissatisfied with State Farm's response to these claims, the plaintiffs commenced this suit on January 31, 2003, but neither defendant was served notice until August 2005. Applying Texas law on diversity jurisdiction, the district court dismissed the claims against Lloyds, Inc., finding that it was only the attorney in fact for State Farm and no facts asserted alleged any claims against it. Further, the district court granted State Farm's motion for summary judgment, finding that the homeowners violated the statute of limitations by failing to serve notice on State Farm until August 2005. We review both actions of the district court under a *de novo* standard of review.

Before reviewing the actions of the district court, we must establish that we have jurisdiction over this matter. This case is in the federal courts on diversity jurisdiction but both Trevino and Lloyds, Inc. are citizens of Texas. Normally, that would defeat diversity jurisdiction and require this court to remand the case to the state court. In their notice of removal, the defendants contended that Lloyds, Inc. was improperly joined. The plaintiffs allude to this issue in their reply brief, but they did not file a motion for remand. If Lloyds, Inc. was improperly joined, then the lack of diversity between Trevino and Lloyds, Inc. is not considered when determining diversity jurisdiction. *See McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) ("Diversity jurisdiction requires complete diversity between the parties, however, such diversity cannot be destroyed by a plaintiff fraudulently

---

[1] Trevino originally brought the claim with her father, Zelmo Hinojosa, who was the other homeowner at the time the suit commenced. But Hinojosa passed away in May 2006 and Pompa, the executrix of Hinojosa's estate, is acting as his substitute.

joining a non-diverse defendant.").

"[W]e have recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). No one has alleged that the plaintiffs committed actual fraud in the pleadings, so we will only consider whether the plaintiffs can establish a cause of action against the non-diverse party, Lloyds, Inc. To determine whether the plaintiffs are able to establish a cause of action against Lloyds, Inc., "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. We find that the plaintiffs' allegations against Lloyds, Inc. do not establish a claim under state law.

The plaintiffs raise claims against Lloyds, Inc. for breach of contract, breach of the duty of good faith and fair dealing, and breach of statute, namely Tex. Ins. Code §§ 21.21 and 21.55 (Vernon 2003), and Tex. Bus. & Com. § 17.45(9) (Vernon 2003). State Farm has designated Lloyds, Inc. to operate as its attorney in fact for the purposes of doing business in Texas as a "Lloyds Plan." *See* Tex. Ins. Code § 18.02 (Vernon 2003). Although Lloyds, Inc. acts as an agent for the Lloyds group, it has no contractual relationship with the insured.

The breach of contract claim fails because an agent will generally only be subject to liability where he "exceeds his authority under the agency agreement." *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994). The plaintiffs have alleged no facts supporting a finding that Lloyds, Inc. operated outside the agency agreement. The breach of the duty of good faith and fair dealing claim fails because Texas law clearly indicates that this duty only extends to the insurance

company and not its agents. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 696 (Tex. 1994) ("An insurance carrier, not its agents and contractors providing claims handling services, is liable to the insured for actions by the agents or contractors that breach the duty of good faith and fair dealing owed by the carrier to the insured."). The claims that Lloyds, Inc. violated any Texas statues also fail because the plaintiffs have simply not alleged any facts to support the conclusion that Lloyds, Inc. performed any of the prohibited activities. Therefore, no alleged facts establish a claim under state law, and Lloyds, Inc. was improperly joined. Because Lloyds, Inc. was improperly joined, this court's diversity jurisdiction is not destroyed.

Having established that this court has jurisdiction over this case, we now turn to the actions of the district court. The district court dismissed the claims against Lloyds, Inc. under 12(b)(6). "[A] dismissal will be upheld only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). For the same reasons we find that the plaintiffs improperly joined Lloyds, Inc. we also find that the plaintiffs can prove no set of facts which would entitle them to relief from Lloyds, Inc. Therefore, the district court properly dismissed Lloyds, Inc.

The district court also granted summary judgment to State Farm, stating that by the time State Farm was served process in August 2005, the two-year statute of limitations had expired. *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.))Fort Worth 2002, pet. denied) ("The mere filing of a lawsuit is not sufficient to meet the requirements of 'bringing suit' within the limitations period; rather, a plaintiff must *both* file her action *and* have the defendant served with process.") (emphasis in original).

The plaintiffs do not argue that the statute of limitations was more than two years; rather they

-4-

argue that the actions had not accrued until after August 2003. "For the purposes of application of statute of limitations, a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy." *Johnson & Higgins v. Kenneco Energy*, 962 S.W.2d 507, 514 (Tex. 1998). The plaintiffs' sought judicial remedy on January 31, 2003. It is inconsistent to state that the plaintiffs sought judicial remedy but were not aware of the facts which would authorize them to seek judicial remedy. Aside from that inconsistency, letters of January 22 and 29, 2002 from State Farm to the plaintiffs clearly indicate State Farm's determination with respect to the plaintiffs' insurance claims. These letters constitute a denial of the insurance claims. *See Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 470-71 (Tex. App.) ) Dallas 2002, pet. denied) (holding that the issuance of a "building estimate" constituted a denial of the claim and triggered the running of the limitations period). Because the plaintiffs did not serve notice on State Farm until after January 2004, the claims were not within the statute of limitations. The plaintiffs contend that these letters did not deny all outstanding claims, but they have failed to identify any other outstanding claims. Therefore, the district court was correct to grant summary judgment to State Farm.

AFFIRMED.