**Dissenting Opinion Filed May 31, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00092-CV

### SIDNEY AND SHATIKA DAVIS, Appellants
### V.
### HOMEOWNERS OF AMERICA INSURANCE COMPANY, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-10727**

## DISSENTING OPINION
Justice Pedersen, III

The majority reverses the trial court's considered judgment on a basis not raised before the trial court and not raised, much less briefed, before this Court. The majority opinion is based on the trial court's consideration of evidence attached to the parties' pleadings. These attachments provide the only basis to determine when the appellants' causes of action accrued and, therefore, when limitations expired. However, (1) any objection to such consideration was waived in the trial court and not raised by any party before this Court, (2) the majority improperly assigns error itself, holding that the evidence should not be considered, and (3) the majority impermissibly reverses

the trial court's judgment based on such unassigned error. I would affirm the trial court's judgment. I respectfully dissent.

### Texas Rule of Appellate Procedure 33.1 Applies to Rule 91a Motions

Rule 91a prohibits a trial court from considering evidence when ruling on a Rule 91a motion, it but authorizes consideration of exhibits permitted by Rule 59. *See* TEX. R. CIV. P. 91a.6 ("Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."); TEX. R. CIV. P. 59.[1]

Nonetheless, both appellants and appellee attached documents to their Rule 91a filings, some of which were not permitted by Rule 59.[2] Moreover, both sides argued

---

[1] Rule 59 provides: "Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in references to said instruments and shall be deemed a part thereof for all purposes. Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit. No other instrument of writing shall be made an exhibit in the pleading." TEX. R. CIV. P. 59.

[2] Appellee attached exhibits to its consolidated general denial and motion to dismiss for baseless causes of action, including: (1) the insurance policy on which appellants base their claims; (2) a November 20, 2017 letter from appellee to appellants, including an adjustor's estimate and appellee's payment to appellants; (3) a March 1, 2018 letter from appellee to appellants, including an adjustor's revised estimate and appellee's supplemental payment to appellants; (4) a March 14, 2018 letter from appellants' counsel to appellee; (5) a March 16, 2018 letter from appellee to appellants addressing appellants' claim for additional policy benefits including replacement of foam insulation in their attic; (6) a March 23, 2018 email from appellee's vice president to appellants' counsel; (7) a July 21, 2020 demand letter and invocation of appraisal from appellants' counsel to appellee; (8) a July 27, 2020 letter from appellee's legal counsel to appellants' counsel setting forth the policy's limitations provision and stating, "Your appraisal request is beyond the two years and one day required by the Policy for filing suit and HOAIC declines to open the Claim at this time."; (9) an August 5, 2020 email from appellee, copying appellants' counsel and stating, "It has been **over two (2) years** (emphasis added) since HOAIC anticipated moving forward with the appraisal process. . . Please also note that contractual limitations have expired in terms of pursuing litigation on behalf of Sidney and Shatika Davis. . .

the evidentiary value of those attachments, without objection, in the hearing on the motion to dismiss, and both sides requested the trial court to rule based on the evidentiary value of the attachments.

Appellants failed to object to appellee's attaching evidence to its motion, to appellee's arguing the evidence at the hearing, or to the trial judge's consideration of the evidence. Indeed, the record demonstrates appellants themselves argued from the beginning—in their court filings and at the hearing—that they should prevail based on the evidentiary value of those attachments. Their motion for new trial contains eight pages of argument—again based on the evidentiary value of those attachments— that their claims are not barred by the statute of limitations.

Issues not timely preserved for appeal are waived. *See* TEX. R. APP. P. 33.1 (requiring a timely request, objection, or motion that states the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint to preserve error for appeal); *see also Bay Area Healthcare Grp., Ltd., v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (per curiam) (to preserve error for appellate review, the

."; (10) five petitions filed in other lawsuits; and (11) an affidavit signed by appellee's general counsel with attached resume addressing attorney's fees.

With their response to the motion to dismiss, appellants attached exhibits, including: (1) a May 9, 2018 demand letter and invocation of appraisal from their attorney to appellee; (2) an April 27, 2018 letter from appellee's attorney, Michael S. Wilson, to appellants' counsel; (3) a July 21, 2020 demand letter and invocation of appraisal from appellants' counsel to appellee; (4) an August 4, 2020 email from appellants' counsel to appellee's vice president concerning appraisers and an umpire; (5) an October 6, 2020 invoice of Gary Boyd for umpire services; and (6) the insurance contract upon which appellants' lawsuit is based.

Appellee attached an affidavit to its objections and reply in support of its motion to dismiss. The affidavit asserted facts and stated the policy's "suit against us" provision bars appellants' claims against appellee.

complaining party must timely and specifically object and obtain a ruling.); *Enriquez v. Crain*, No. 03-17-00363-CV, 2018 WL 3320986, at \*2 (Tex. App.—Austin July 6, 2018, no pet.) (mem. op.) (rejecting effort by plaintiff to overturn Rule 91a dismissal based on unpreserved complaint that Rule 91a did not apply to the litigation).

A party seeking to complain on appeal that a trial court improperly considered evidence in a Rule 91 proceeding must preserve error in the trial court. Our sister court in Amarillo addressed a trial court's consideration of evidence in a Rule 91a proceeding. *See Owings v. Kelly*, No. 17-20-00115-CV, 2020 WL 6588610, at \*2 & n.1 (Tex. App.—Amarillo Nov. 10, 2020, no pet.) (mem. op.). The defendant therein moved for dismissal based on res judicata. *See id.* at \*1–2. The trial court asked for the prior judgment at the hearing. *See id.* at \*2 n.1. The appellant in *Owings* argued on appeal that "Rule 91a was never intended to resolve factual and legal issues related to an affirmative defense [i.e., res judicata] presented by a Defendant, especially when the Defendant carries the burden of proof, thus requiring evidence—that is not allowed in a Rule 91a Motion to Dismiss." *Id.* at \*2. The court of appeals held the plaintiffs waived any complaint about the trial court's consideration of evidence:

> That the court requested evidence (i.e., the prior judgment) at the hearing is rather clear. Equally clear is that the Owingses failed to object to the request. So, any complaint they had regarding the court's request was and is waived.

*Id.* at *2 n.1. As in *Owings*, the trial court here heard unobjected-to evidence on an affirmative defense in a Rule 91a proceeding before dismissing the case. Here, the majority should have similarly concluded that any issue concerning unobjected-to evidence is waived.

Similarly, this Court has recognized the requirement of preserving error when a trial court considers evidence in a Rule 91a proceeding. *See Sw Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at *7 (Tex. App.—Dallas Nov. 7, 2022, pet. filed) (mem. op.). The defendant argued the plaintiff "did not preserve its assertion that the trial court could not consider the exhibits to [defendant's] answer because [plaintiff] did not object to [defendant's] argument that the trial court could consider the exhibits." *Id.* at *7 (citing TEX. R. APP. P 33.1(a)(1) (to preserve error, party must object in trial court and obtain a ruling on the objection)). We held the plaintiff preserved error by merely providing the trial court with the standard of review in its Rule 91a response. *See id.* That didn't happen in this case. Unlike the plaintiff's response in *Southwest Airlines Pilots Association*, appellants' response to the motion to dismiss did not "notify the trial court" of the standard of review. Also, it is impossible to read *Southwest Airlines Pilots Association*'s generous preservation option as creating an exception to Texas Rule of Appellate Procedure 33.1. Indeed, *Southwest Airlines Pilots Association* establishes that error *must* be preserved.

I would follow this Court's precedent in *Southwest Airlines Pilots Association*, find guidance in *Owings*, and apply the law that appellants must preserve the issue for appellate review. *See Sw Airlines Pilots Ass'n.*, 2022 WL 16735379 at *7; *Owings*, 2020 WL 6588610, at *2 & n.1. Because appellants failed to object in the trial court, I would find the issue was not preserved for review and is therefore waived.

## The Majority Impermissibly Reverses the Trial Court's Judgment on Unassigned Error

The Supreme Court of Texas has consistently held that the court of appeals may not reverse a judgment on error not assigned by a party. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) ("A court of appeals may not reverse a trial court judgment on a ground not raised."); *see also* TEX. R. APP. P. 38.1(f).[3] "Our

_____

[3] *See also, e.g., Sw. Energy Prod. Co. v. Berry–Helfand*, 491 S.W.3d 699, 726 (Tex. 2016) ("error in the measure of contract damages, if any, was not properly before the court of appeals, and reversal of the trial court's judgment on that basis was improper."); *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) ("A court of appeals commits reversible error when it sua sponte raises grounds to reverse a summary judgment that were not briefed or argued in an appeal."); *Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008) ("It is of course true that an appellate court cannot reverse on a ground an appellant has never raised."); *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam) ("Because Banda did not make this argument in the trial court or in his brief in the court of appeals, the court of appeals could not reverse on this point."); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error."); *Garcia v. Robinson*, 817 S.W.2d 59, 60 (Tex. 1991) (per curiam) ("The court of appeals should not have reached this issue because the Robinsons did not raise it in the trial court or brief it on appeal."); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (per curiam) ("By reversing the summary judgment on grounds which were neither raised at trial nor briefed or assigned as error on appeal, the court of appeals created a conflict with this court's decisions . . . . A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error."); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990) (per curiam) ("A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error."); *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (per curiam) ("None of the arguments were raised by Evans at trial or on appeal, and the court of appeals thus erred in raising these arguments sua sponte

adversary system of justice generally depends 'on the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present.'" *Pike,* 610 S.W.3d at 782. "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *Id.* Appellate courts are authorized to consider unassigned fundamental error, but the majority does not argue fundamental error exists. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) (stating proposition and noting, "We have described fundamental error as those instances in which error directly and adversely affects the interest of the public generally, as that interest is declared by the statutes or Constitution of our State, or instances in which the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter.").

Accordingly, this Court's precedent also prohibits our panels from reversing trial court judgments based on unassigned, nonfundamental error. *See Dall. Cnty. v. Crestview Corners Car Wash,* 370 S.W.3d 25, 56 (Tex. App.—Dallas 2012, pet. denied) ("Except for rare instances of fundamental error . . . an appellant complaint,

_____

and basing its reversal on these grounds."); *Cent. Educ. Agency v. Burke*, 711 S.W.2d 7, 9 (Tex. 1986) (per curiam) (stating, "The court of appeals reversed the trial court's summary judgment on grounds not properly before it" and remanding to the court of appeals "for review of the only point of error properly before it."); *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982) (per curiam) ("The court of appeals erred in reversing the trial court's judgment in the absence of properly assigned error.").

must be assigned as error on appeal"); *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 838 (Tex. App.—Dallas 2005, no pet.) ("We may not reverse a trial court's judgment in the absence of properly assigned error."); *Gallas v. Car Biz, Inc.*, 914 S.W.2d 592, 594 n.5 (Tex. App.—Dallas 1995, writ denied) ("An appellate court may not reverse a judgment of a trial court for a reason not raised in a point of error.").

The Seventh Court of Appeals has recognized that the prohibition of reversing on unassigned error applies to Rule 91a:

> Texas Rule of Civil Procedure 91a permits the dismissal of a lawsuit on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. However, it specifies that it is not applicable to actions brought under the Family Code or "a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code." *Id.* The latter encompasses civil actions initiated by prisoners who seek to prosecute their suit as paupers. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. Ramirez and Herrod fell within that category. So, the TBPP could not invoke, nor could the trial court utilize Rule 91a to dismiss the action. Yet, because we cannot consider unassigned error, *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998), and no one complains of this defect, we cannot rely on it to reverse the dismissal order.

*Owens v. Ramirez*, No. 07-15-00152-CV, 2015 WL 7422890, at *1 n.1 (Tex. App.—Amarillo Nov. 19, 2015, pet. denied) (mem. op.). Consequently, the Seventh Court of Appeals affirmed a Rule 91a dismissal *in a case in which Rule 91a did not apply* because complaint of the "defect" was not assigned. The Supreme Court denied the petition for discretionary review in *Owens*. If unassigned error could not be raised in *Owens* to reverse a Rule 91a dismissal in which Rule 91a was *inapplicable*, then the

–8–

unassigned error here—unobjected-to consideration of evidence—may not be a basis

for reversal by the majority.

> *Owings*, *supra*, correctly stated and applied the law:
>
> [I]t is not our job to develop arguments for the litigants, *Sister Initiative, LLC v. Broughton Maint. Ass'n, Inc.,* No. 02-19-00102-CV, 2020 WL 726785, at \*29, 2020 Tex. App. LEXIS 1243, at \*85 (Tex. App.—Fort Worth Feb. 13, 2020, pet. denied) (mem. op.), or figure out ways which may lead to a better ending for them. Instead, we are "'constrained by what arguments appear in the parties' briefs.'" *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.,* 564 S.W.3d 105, 125 (Tex. App.—El Paso 2018, no pet.) (quoting *Hogg v. Lynch, Chappell & Alsup, P.C.*, 553 S.W.3d 55, 65 (Tex. App.—El Paso 2018, no pet.)).

*Owings,* 2020 WL 6588610, at \*2 & n.1; *see also Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at \*5 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) ("[A]ppellate courts have no duty—or even the right—to perform an independent review of the record and the applicable law to determine whether there was error"; we cannot 'make the party's arguments for [hi]m, and then adjudicate the case based on the arguments we have made on [his] behalf.'"); *Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("As the appellant, Gonzales bore the responsibility to frame the issues and argument for his appeal; and we have no discretion to create an issue or argument not raised in appellant's brief.").

The Texas Supreme Court has admonished that "we should not stretch for a reason to reverse that was not raised." *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (even if petitioner had preserved ground for reversal in

–9–

the trial court, the ground was not mentioned in petitioner's appellate briefing and "was waived."). Contrary to *Del Lago Partners, Inc.*, the majority does exactly that.[4]

## **The Merits of the Appeal**

This appeal involves the denial and handling of a claim made under a homeowner's insurance policy. Appellants complain the trial court abused its discretion by (1) dismissing their claims pursuant to Texas Rule of Civil Procedure 91a and (2) denying their motion for new trial.[5] We should overrule both of appellants' issues and affirm the trial court's judgment.

Appellee Homeowner of America Insurance Company issued a homeowner's insurance policy to appellants Sidney and Shatika Davis. The policy was effective March 1, 2017, to March 1, 2018. Hail damaged appellants' property on May 30, 2017. Appellants made a claim for the hail damage to appellee on November 6, 2017.

Appellee's independent adjuster met with appellants' contractor and inspected the property. The inspection revealed hail damage to the exterior of the property. There is no record of damage to foam insulation in the attic. Appellee paid the claim and provided appellants a copy of the independent adjustor's estimate with a November 20, 2017 claim-decision letter. The letter stated the estimate was "for the

---

[4] The majority repeatedly claims the appellee failed to plead the affirmative defense of limitations. The appellee certainly did so in a single nine-page pleading containing both the answer (a garden variety general denial) and the 91a motion. This is expressly permitted by Texas Rule of Civil Procedure 85 and provided sufficient "fair notice" for the issue to have been joined without objection. *See Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied).

[5] *See* TEX. R. CIV. P. 91a.

loss caused by hail." The estimate made no reference to interior damage or to damage to foam insulation in the attic.

Following a reinspection, appellee issued a supplemental payment of $11,591.53 and an estimate to appellants on March 1, 2018. The estimate addressed "hail to roof," "dwelling exterior," "other structures/shed," and "dwelling attic spray foam." Two handwritten notations accompanied the estimate for attic insulation. One notation stated "subject to change" and was under an arrow pointing to the estimated amount of $12,826.60 to remove and install "attic sprayed foam insulation." Also handwritten on the estimate was "need insulation bid + written stmt saying re-roof will compromise foam currently in attic." Appellee's supplemental payment did not include payment for removing and installing attic insulation.

On March 16, 2018, appellee sent a letter to appellant Sidney Davis. The letter stated the March 1, 2018 supplemental payment of $11,591.53 excluded payment of $12,826.60 for attic insulation. Appellee stated it was investigating appellants' claim for additional policy benefits including replacement of foam insulation in the attic. The letter addressed the claim for damage to attic insulation:

> We disagree that foam replacement is a reasonable and necessary cost of repair on your claim. Photos show spray foam insulation adhered to the roof decking and framing. There was no water damage. We have no reliable evidence that the foam insulation was reasonably expected to "fall part" or that it actually did fall apart during replacement of roof covering. If you have photos or evidence otherwise, please provide it to us. We will review any information you submit and determine if it changes our assessment.

. . .

–11–

We do not intend to waive any rights under the policy, at law or in equity, whether or not specifically addressed in this or our prior correspondence.

On July 21, 2020, appellants' attorney sent appellee a "demand letter and invocation of appraisal." On July 27, 2020, appellee responded to appellants' correspondence and stated,

> Homeowners of America Insurance Company ("HOAIC") previously accepted the Claim in part as set out in the adjuster's estimate and Claim correspondence dated 03/01/2018. It rejected the Claim in part with respect to foam insulation as explained in correspondence dated 03/16/2018.
>
> . . .
>
> The loss adjustment remains as it was on 03/01/2018. HOAIC asserts that any loss adjustment should have been brought within the period provided by the Policy. Specifically, under Section I – Conditions, part 11, the Policy states:
>
> **11. SUIT AGAINST US.**
>
> No suit or action can be brought unless the policy provisions have been complied with. Suit or action brought against us must be started by the earlier of:
>
> a. Two years and one day from the date the claim is accepted or rejected by us; or
>
> b. Three years and one day from the date of the loss that is the subject of the claim.
>
> Your appraisal request is beyond the two years and one day required by the Policy for filing suit and HOAIC declines to open the Claim at this time. . . .

On August 5, 2020, appellants filed this lawsuit against appellee for breach of contract and anticipatory breach of contract, breach of the duty of good faith and fair

dealing, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), fraud, and conspiracy.

Appellee filed a motion pursuant to Texas Rule of Civil Procedure 91a seeking dismissal of all appellants' claims subject to two-year periods of limitations. Appellee also sought dismissal of appellants' fraud claim. On October 21, 2020, the trial court granted appellee's motion, providing in its order, "Plaintiffs' suit is dismissed in whole." On January 29, 2021, the trial court denied appellants' motion for new trial. This appeal followed.

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *Okere v. Dall. Area Rapid Transit*, No. 05-20-00489-CV, 2022 WL 500026, at *2 (Tex. App.—Dallas Feb. 18, 2022, no pet.) (mem. op.). Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see also Okere*, 2022 WL 500026, at *2. "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (quoting TEX. R. CIV. P. 91a.6); *Renate Nixdorf GMBH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *4 (Tex. App.—Dallas Jan. 3, 2019, pet. denied).

Rule 91a "permits motions to dismiss based on affirmative defenses." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.,* 595 S.W.3d 651, 656 (Tex. 2020); *see also In re Springs Condos., L.L.C.,* No. 03-21-00493, 2021 WL 5814292, at *3 (Tex. App.—Austin Dec. 8, 2021, orig. proceeding) (mem. op.) (trial court could grant Rule 91a motion to dismiss claims based on "limitations grounds"). When a defendant alleges an affirmative defense as the basis for a motion to dismiss under Rule 91a, the court may examine the defendant's answer to determine whether the defense is properly before the court. *See Bethel,* 595 S.W.3d at 656. If an affirmative defense cannot "be conclusively established by the facts in [the] plaintiff[s'] petition" and requires consideration of evidence, "such [a] defense[ ] [is] not a proper basis for a [Rule 91] motion to dismiss." *Bethel*, 595 S.W.3d at 656; *see also In re Springs Condos, L.L.C.*, 2021 WL 5814292 at *3. However, to complain on appeal that the trial court considered evidence not authorized by Rule 91a, the complaining party must timely object or the complaint is not preserved for appeal and is waived. *See Owings*, 2020 WL 6588610, at 2 n.1.

Appellate courts review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law, and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724-25 (Tex. 2016); *Okere*, 2022 WL 500026, at *2. In conducting this review, appellate courts must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations

–14–

in the pleadings to determine whether the cause of action has a basis in law and fact. *See Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

In their first issue, appellants complain that the trial court abused its discretion in granting appellee's motion to dismiss their claims.

Generally, the statute of limitations for a breach-of-contract action is four years from the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; *Target Strike, Inc. v. Strasburger & Price, L.L.P.*, No 05-18-00434-CV, 2018 WL 6040022, at *13 (Tex. App.—Dallas Nov. 19, 2018, pet. ref'd.) (mem. op.). The limitations period on a first-party insurance claim begins to run at the time the insurer denies the claim under the policy. *See Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 470 (Tex. App.—Dallas 2002, pet. denied) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990)). Parties may contract for a different period of time in which a party may file a breach of contract action. *See Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ).

Here, the policy contained a contractual limitations period. The policy required that appellants file a lawsuit by the earlier of (1) two years and one day from the date the claim is accepted or rejected by appellee or (2) three years and one day from the date of the loss that is the subject of the claim.

According to appellants' brief, "Here, Appellee Insurer rendered Appellee Insurer's final decision on the claim November 20, 2017." Appellee also argues it

denied appellants' claim on November 20, 2017, and adds that the limitations period began on that date.[6] *See Murray*, 800 S.W.3d at 820; *Mangine*, 73 S.W.3d at 470. Consequently, November 21, 2019, was the last day for appellants to file suit under the policy's two-years-and-one-day period. *See Mangine*, 73 S.W.3d at 470 (citing *Murray*, 800 S.W.3d at 829).

The policy's alternate three-years-and-one-day limitation period began on the date of loss, May 30, 2017, making May 31, 2020, the last day for appellants to file their lawsuit under that provision. The policy specifies the earlier of the two dates, as calculated under its alternate provisions—here, November 21, 2019—as the final date on which appellants could file this lawsuit. Appellants concede that "appellants sued after two years and one day after Appellee Insurer sent Appellants a settlement Letter." Appellants filed their lawsuit after November 21, 2019, on August 5, 2020, barring their claim for breach of contract pursuant to the policy's limitations provisions.

Appellants argue the policy's two-years-and-a-day limitations period is void and that the statutory four-year contract limitations period applies. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. They argue they filed their breach of contract claim within four years of the date of loss. They rely on an opinion by the Third Court of Appeals.

---

[6] Because the parties agree the claim was denied November 2, 2017, that issue is not raised for decision on appeal. *See Knox Mediterranean Foods, Inc. v. Amtrust Fin. Servs.*, No. 05-21-00296-CV, 2022 WL 2980705, at *3 (Tex. App.—Dallas July 28, 2022) (mem. op.) ("To establish a limitations defense, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule if it applies.").

*See Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287

S.W.3d 461 (Tex. App.—Austin 2009, pet. denied). In *Spicewood*, a policy provided,

> No one may bring a legal action against [America First] under this policy
> unless:
>
> There has been full compliance with all the terms of this insurance, and
>
> a.  The action is brought within 2 years and one day after the date on which
>     the direct physical loss or damage occurred.

*Id.* at 465. The *Spicewood* court construed the policy in light of section 16.051(a) of

the Texas Civil Practice and Remedies Code, which provides:

> [A] person may not enter a stipulation, contract, or agreement that purports
> to limit the time in which to bring suit on the stipulation, contract, or
> agreement to a period shorter than two years. A stipulation, contract, or
> agreement that establishes a limitations period that is shorter than two years
> is void in this state.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.051(a) (emphasis added); *Spicewood*, 287

S.W.3d at 464-65. The *Spicewood* court stated that a contractual limitations period, to

comply with Section 16.070(a), cannot end until after two years after the day the cause

of action for breach of the agreement had accrued. *Spicewood*, 287 S.W.3d at 465.

The policy in *Spicewood* provided its limitations period began on the date of loss—

not on the date the insurer denied a covered claim when a claim for breach of contract

would *later* accrue. *Id.* at 465-66. The policy also required the insured to provide the

insurer with notice of loss or damage and provided the insurer had fifteen days to

begin investigation of the claim. *Id.* at 466. "Therefore, Spicewood was not entitled to

file suit against America First under the policy on the date on which the direct physical

–17–

loss or damage occurred because, without more, no breach of the insurance agreement by America First had yet occurred, and Spicewood did not yet have a cause of action for breach of contract." *Id.* (quoting *Murray,* 800 S.W.2d at 828 ("[A] cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy."). A trigger date, such as the date of loss, for a two-year contractual limitations provision that precedes the date the cause of action accrues will result in a "time in which to bring suit" that is shorter than two years in violation of section 16.070(a) of the Texas Civil Practice and Remedies Code. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a)). The court held the contractual limitations provision was void. *Id.* As a result, the court held that the four-year statute of limitations governed Spicewood's breach of contract claim. *Id.*

Unlike *Spicewood*, the policy's limitations period here did not facially shorten the minimum contractual limitations period required by section 16.070(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a). In *Spicewood* the trigger date was the date of loss, not the later accrual date of when the claim was denied. Here, the policy's trigger date on which the agreed limitations period begins is the earlier of (1) two years and one day from the date the claim is accepted or rejected by appellee or (2) three years and one day from the date of the loss that is the subject of the claim. Appellants fail to explain why the policy language here, unlike the different policy language in *Spicewood*, facially provides a limitations period of *shorter* than two years, as prohibited by section 16.070(a) (providing that agreed limitations on a

–18–

contract claim that is *shorter* than two years is void). The *Spicewood* problem—a trigger date that begins the agreed limitations period on the date of loss rather than on the date the claim is denied—is not presented by the policy here.[7]

We should reject appellants' argument that *Spicewood* and section 16.070(a) are implicated here. The agreed limitations period here is not facially violative of section 16.070(a), unlike the agreed period in *Spicewood*, and is not void. Consequently, the four-year statute of limitations for a claim of breach of contract is inapplicable.

Appellants argue that the policy prohibited them from filing suit sooner than they did. They argue the policy required them to complete an appraisal process before filing suit and that the appraisal process was not completed.[8] Appellants argue,

---

[7] Similarly distinguishable is *Douskos v. Eden Park Ins. Co.*, No. CIV.A. A-01-CV-192 JRN, 2001 WL 99092 (W.D. Tex. 2001). The policy in *Douskos* contained an agreed limitations period similar to, but possibly more restrictive, than that addressed in *Spicewood. Id.* at *2 (requiring full compliance with all terms of policy and that action be brought *within two years* after date of loss or damage).

[8] The policy provides,

> Before you file or proceed with a suit or action against us concerning the amount of a loss payment
>
> a.  You must provide us with written notice of your dispute and a copy of all existing repair bids estimates invoices receipts expense records inventories and photos that relate to the dispute
>
> b.  You must make a written demand to use for appraisal of the amount of loss under Section I–Conditions part 7 and
>
> c.  The appraisal must be completed as required by Section I–Conditions part 7
>
> These conditions precedent to suit or action may be waived only by a written agreement signed by you and us. If suit is filed prior to compliance with these precedent the parties agree to abatement of the lawsuit until these conditions precedent are fulfilled . . . .

> Here, Appellee Insurer rendered Appellee Insurer's final decision on the claim November 20, 2017. However, Appellants were required to participate in appraisal prior to bringing suit—a remedy afforded to both parties. . . . A two-year contractual limitations provision trigger date preceding the date the cause accrues, as Appellee Insurer contends here, will result in a 'time in which to bring suit' shorter than two years, which violates the civil practice and remedies code section 16.070(a)

We should reject appellants' argument that the policy prohibited them from filing their cause of action earlier than they did. The parties agree that appellee denied appellants' claim for damage to attic insulation on November 20, 2017.[9] The agreed limitations period began on that date. *See Mangine*, 73 S.W.3d at 470 (the limitations period on a first-party insurance claim begins to run at the time the insurer denies the claim under the policy) (citing *Murray,* 800 S.W.2d at 829). The appraisal associated with the denial of appellants' claim for damage to attic insulation occurred November 15, 2017, five days before appellee denied the claim for damages to attic insulation. The November 20, 2017 denial was based on the earlier November 15, 2017 appraisal. We should conclude the policy's requirement of an appraisal was satisfied prior to the first day of the limitations period, unlike the policy in *Spicewood*, and did not preclude appellants from timely filing suit. Moreover, this Court has held that continued conduct or communications after denial

---

[9] As noted, appellee reiterated its denial in later correspondence with appellants or their attorney on March 1, 2018 (denying claim), March 16, 2018 (denying claim), April 27, 2018 ("HOAIC disputes Mr. Davis's allegations, including the amount of loss, and intends to proceed on a reservation of rights."), and July 27, 2020 (asserting continued denial of claim, and declining request for appraisal because the request was made after the policy's period of limitations).

of an insured's claim could not forestall or renew the limitations period. *See Knox Mediterranean Foods, Inc.*, 2022 WL 2980705, at \*4.

We should conclude the trial court did not err by dismissing appellants' breach of contract claim.

The trial court also dismissed appellants' claims for violations of the Texas Insurance Code and the DTPA, for breach of the duty of good faith and fair dealing, and for conspiracy.

The question of when a cause of action accrues is a question of law for the trial court. *See Ehrig v. Germania Farm Mut. Ins. Ass'n*, 84 S.W.3d 320, 323 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied) (citing *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 3348, 351 (Tex. 1990)). A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Id.* (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)). Appellants' causes of action for breach of the duty of good faith and fair dealing and for violation of the Insurance Code and the DTPA accrued when appellee denied coverage. *See id.*

Appellants' claims for breach of the duty of good faith and fair dealing and for violations of the DTPA and Texas Insurance Code are governed by two-year statutes of limitations. *See Ryan v. TX RCG, LLC*, No. 05-21-00382-CV, 2022 WL 17261158, at \*3 (Tex. App.—Dallas Nov. 29, 2022, no pet.) (mem. op) (DTPA, citing TEX. BUS. & COM. CODE ANN. § 17.563); *Provident Life & Accident Ins. Co. v. Knott*, 128

S.W.3d 211, 221 (Tex. 2003) (breach of the duty of good faith and fair dealing); *Jackson v. Gainsco, Inc.*, No. 05-16-01190-CV, 2018 WL 2979960, at *3 (Tex. App.—Dallas June 14, 2018, no pet.) (mem. op.) (breach of duty of good faith and fair dealing, citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a), and violations of the Texas Insurance Code, citing TEX. INS. CODE ANN. art. 541.162). Civil conspiracy is not an independent tort, and its statute of limitations is that of the underlying tort. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 143 (Tex. 2019) ("[W]e hold civil conspiracy is not an independent tort and its statute of limitations is that of the underlying tort[.]").

Appellants' two-year claims accrued November 20, 2017. Appellants filed suit August 5, 2020. Appellants' two-year claims are barred because they filed them after the periods of limitations had ended.

We should reject appellants' arguments that the trial court erred in dismissing their claims for breach of the duty of good faith and fair dealing; violations of the DTPA and Texas Insurance Code; and conspiracy to commit these claims.

Appellants complain the trial court erred in dismissing their fraud claim because (1) appellee's motion to dismiss did not address the fraud claim and (2) the breach of contract claim should have remained viable.[10]

---

[10] A claim for fraud is governed by a four-year statute of limitations. *See, e.g., Prime United Petroleum Holding Co., LLC v. Malameel, LLC*, No. 05-20-00032-CV, 2021 WL 3732668, at *3 (Tex. App.—Dallas Aug. 24, 2021, no pet.) (mem. op.). Appellee did not seek dismissal of the fraud claim based on the four-year statute.

First, appellee's motion to dismiss expressly addressed appellants' fraud claim. Paragraph 26 of the motion recites Rule 91a's legal standards and concludes, "As discussed in the preceding paragraphs, the Davis' causes of action for . . . fraud . . . have no basis in law or fact." In Paragraph 24, appellee argued that "because the Davises have asserted no independent injury, aside from the loss of benefits under the Policy, their other causes of action which are derivative of the breach of contract, are likewise invalid and should be dismissed with prejudice."[11] We should reject appellants' assertion that appellee failed to seek dismissal of the fraud claim.

Second, appellants assert that the trial court abused its discretion in dismissing the fraud claim "[b]ecause the breach of contract claim should remain viable[.]" As concluded above, the trial court did not err by dismissing the contract claim due to appellants' filing the claim beyond the agreed period of limitations. That conclusion refutes and is dispositive of appellants' assertion that the fraud claim should survive because the contract claim should survive.

The record does not support either of appellants' assertions concerning dismissal of the fraud claim. We should reject appellants' arguments that the trial court erred by dismissing the fraud claim and the conspiracy claim related to the fraud claim. We should conclude that the trial court did not err by dismissing those claims.

We should overrule appellants' first issue.

_____

[11] Appellee also attacked the fraud claim in its response brief in support of their motion to dismiss and at the hearing on the motion to dismiss.

In their second issue, appellants argue the trial court abused its discretion in denying their motion for new trial.

The standard of review of the denial of a motion for new trial is abuse of discretion. *See J & M Sales of Tex., LLC v. Sams*, No. 05-15-00937-CV, 2016 WL 4039250, at \*1 (Tex. App.—Dallas July 26, 2016, no pet.) (mem. op.) (citing *Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.)) A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *See id.* Every reasonable presumption will be made on review in favor of the trial court's refusal of a new trial. *See El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 368 (Tex. App.—Dallas 2005, no pet.).

Appellants argue the trial court abused its discretion in denying their motion for new trial "since it granted Appellee Insurer's Motion to Dismiss erroneously and Appellants filed a Motion for New Trial timely." They assert, "The court may grant a Motion for New Trial without stating any reason other than 'in the interest of justice.'" They generally assert the trial court abused its discretion in denying their motion for new trial because the trial court erroneously dismissed their claims.

We should reject appellants' assertion and conclude the trial court did not err by dismissing appellants' claims. That conclusion is dispositive of appellants' general assertion that the trial court abused its discretion in denying their motion for new trial because the trial court erroneously dismissed their claims. Appellants fail to

–24–

demonstrate good cause for granting a new trial. *See* TEX. R. CIV. P. 320 ("New trials may be granted and judgment set aside for good cause . . . .").

The trial court did not abuse its discretion by denying appellants' motion for new trial.

We should overrule appellants' second issue and affirm the judgment of the trial court.

Accordingly, I respectfully dissent.

/Bill Pedersen, III/

210092df.p05

BILL PEDERSEN, III
JUSTICE